UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| KEARSTAHN DEBOSE, | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CASE NO. 2:18-CV-599 |
| GC SERVICES LIMITED PARTNERSHIP, | ) | |
| Defendant. | ) | **JURY DEMAND** |

## COMPLAINT

Now comes KEARSTAHN DEBOSE ("Plaintiff"), complaining as to the conduct of GC SERVICES LIMITED PARTNERSHIP, ("Defendant").

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*, and Ohio common law.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and substantial portion of the events giving rise to the claims occurred within the Southern District of Ohio.

### PARTIES

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a third-party debt collector. "GC Services is the largest private collection agency in the United States, with domestic ownership and extensive experience on third party collection programs." GC Services – Third Party Receivables, *available at* https://www.gcserv.com/AccountsReceivableManagement/ThirdPartyReceivables.aspx (retrieved June 13, 2018).

7. Defendant is a Delaware limited partnership headquartered in Texas and with offices around the country, including in Columbus, Ohio, that regularly collects upon consumers in Ohio.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

10. For the past six years, Plaintiff has been receiving calls to her cellular phone from Defendant.

11.     Defendant has called Plaintiff to collect upon a student loan debt.

12.     Defendant has called Plaintiff several times per week, sometimes multiple times per day, over the past six years.

13.     Defendant has called Plaintiff as early as 7:00 AM.

14.     Defendant has repeatedly threatened Plaintiff with a lawsuit.

15.     Plaintiff has told Defendant to stop calling her multiple times.

16.     Plaintiff has changed her phone number multiple times in an attempt to end Defendant's harassment.

17.     On multiple occasions, when Defendant has called Plaintiff, and Plaintiff has answered, the voice on the other end of the line has been pre-recorded rather than a live human.

18.     Defendant has also contacted Plaintiff's grandmother.  Defendant mentioned Plaintiff's purported debt to Plaintiff's grandmother.

19.     Plaintiff has been unfairly and unconscionably harassed by Defendant's actions.

20.     Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, and increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.     Plaintiff realleges the paragraphs above as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a student loan debt.

   a. **Violations of FDCPA § 1692b(2) & § 1692c(b).**

26. The FDCPA, pursuant to 15 U.S.C. § 1692b(2), prohibits a debt collector, when calling any third party for the purpose of locating a consumer, from "stat[ing] that the consumer owes any debt."  The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector from communicating about a consumer's debt with any party, other than those the section enumerates (none of which are relevant here), for any purpose other than locating the consumer.

27. Defendant violated § 1692b(2) & § 1692c(b) when it communicated with Plaintiff's grandmother regarding her purported debt and informed Plaintiff's grandmother of the existence of said purported debt.

[ 4 ]

    **a.  Violations of FDCPA § 1692c(a)(1)**

28.    The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector, from calling a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."

29.    Defendant violated § 1692c(a)(1) by calling Plaintiff before 8:00 AM, namely at 7:00 AM.  Receiving calls at this time had the natural consequence of inconveniencing Plaintiff.

    **b.  Violations of FDCPA § 1692d.**

30.    The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31.    Defendant violated § 1692d(5) when it continuously called Plaintiff after being notified to stop.  This systematic behavior of repeatedly calling Plaintiff's phone despite her demand to stop was harassing and abusive.  The frequency of calls and the long duration of the calling campaign (six years) shows that Defendant's calls were designed to annoy and harass her.

32. Defendant further violated § 1692d by communicating with Plaintiff's grandmother and thereby introduced stress into her familial relationship.  The natural consequence of this behavior was to harass, oppress, and abuse Plaintiff.

    **b. Violations of FDCPA § 1692e(5).**

33. The FDCPA, pursuant to 15 U.S.C. § 1692e(5), prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

34. A debt collector's threat to bring a lawsuit that it does not intend to bring violates § 1692e(5).  *See Baker v. G.C. Services Corp.*, 677 F.2d 775, 778–79 (9th Cir. 1982).

35. Defendant has called Plaintiff continuously for a period of six years.  If Defendant intended to bring litigation against Plaintiff, it would almost certainly have done so by now.  Defendant therefore violated § 1692e(5) when it threatened litigation it did not intend to bring.

    **c. Violations of FDCPA § 1692f.**

36. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

### COUNT II – VIOLATIONS OF THE TCPA

39. Plaintiff realleges the paragraphs above as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … artificial or prerecorded voice— to any telephone number assigned to a … cellular telephone service."

41. Defendant violated this provision when it made calls using a pre-recorded voice to Plaintiff without her prior express consent.

42. Defendant knew that it was using pre-recorded voice messages to contact Plaintiff, and it did so willfully.

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for $500.00 for each call that used a pre-recorded voice.

44. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to treble damages for any willful or knowing violations by Defendant.

45. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

46.     Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Plaintiff further prays for treble damages for willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

### COUNT III – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

47.     Plaintiff realleges the above paragraphs as though fully set forth herein.

48.     The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

49.     Plaintiff is a "person" as defined by R.C. 1345.01(B).

50.     Defendant is a "supplier" as defined by R.C. 1345.01(C).  *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

51.     Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

52.     R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

53.     Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one.  *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

### a. Violations of the Fair Debt Collection Practices Act.

54. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

55. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.* *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

56. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

57. Defendant has further committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

58. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA by communicating with Plaintiff after being told to stop and by placing an oppressive number of telephone calls to Plaintiff.

59. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. *See, e.g., State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumers violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92

10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

60. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

### b. Violations of the Telephone Consumer Protection Act.

61. Violations of the TCPA (at least to the extent that they are unfair, deceptive, or unconscionable) are violations of the CSPA. *See, e.g.*, *Ambrose v. Prime Time Enterprises*, No. CV 04 547298, 2005 WL 646147, at *1 (Ohio Com. Pl. Feb. 23, 2005); *Tower City Title Agency, Inc. v. Phillips*, 2008-Ohio-957, ¶ 5 ("Ohio courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02 of the Ohio CSPA.").

62. Defendant has violated the CSPA by using pre-recorded voice messages in violation of the TCPA, as set forth above.

63. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

64. Defendant's actions were unfair, deceptive, and unconscionable under the CSPA because they were intended to harass Plaintiff and intimidate her into making payments.

65. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation for each and every violation.

[ 10 ]

      **c. Violations of R.C. 1345.02(A) and R.C. 1345.03(A).**

66. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

67. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by communicating with Plaintiff after being told to stop and by placing repeated phone calls to Plaintiff over a period of years.

68. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g., State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumer's violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

69. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

<u>COUNT V – INVASION OF PRIVACY</u>

70. Plaintiff restates and realleges the paragraphs above as though fully set forth herein.

71. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause

[ 11 ]

mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

72. Defendant invaded Plaintiff's privacy and intruded on her solitude and seclusion by intentionally and persistently causing her cellular phone to ring and by attempting to contact her when she desired to be left alone.

73. Defendant's pattern of repeatedly calling Plaintiff in her home basis was so outrageous that it would cause shame or humiliation to a person of ordinary sensibilities, and Plaintiff was injured by this conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.** Awarding Plaintiff damages in the amount of $500 for each call made in violation of the TCPA;

**f.** Awarding Plaintiff treble damages for willful or knowing violations by Defendant of the TCPA;

**g.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**h.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

**i.** Awarding Plaintiff the costs of this action; and

**j.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**


Dated:  June 19, 2018

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com